**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA/ INTERNAL
REVENUE SERVICE,

        Petitioners,

vs.                                                                                             No. 11-MC-20 MCA

LOUIS E. WANKEL,

        Respondent.

**ORDER GRANTING PETITION TO ENFORCE
INTERNAL REVENUE SERVICE SUMMONS**

        This matter is before the Court upon Petitioners' *Petition to Enforce IRS Summons* [Doc. 1], the Court's *Order to Show Cause* [Doc. 2], Respondent's *Answer* [Doc. 6], Respondent's *Motion to Exclude Evidence* [Doc. 19] and *Respondent's Motion to Dismiss* [Doc. 20]. The Court has reviewed Respondent's *Notice of Rebuttal to Declaration of Erica Welch* [Doc. 7]; Respondent's *Notice of Annexed Documents* [Doc. 9], Respondent's *Memorandum in Support of Answer and Counterclaim* [Doc. 11], Respondent's *Notice of Annexed Documents* [Doc. 13], and *Respondent's Notice of Bias and Prejudice* [Doc. 18]. The Court has considered the oral arguments of the parties, the pleadings, and the testimony and exhibits tendered at the April 21, 2011 and May 13, 2011 hearings.

        The instant proceeding concerns the IRS's efforts to collect from Respondent previously assessed and as yet unpaid income taxes for the tax periods ending on December 31, 2001, 2002,

and 2003. To that end, on October 22, 2010 Revenue Officer Erica Welch served a summons upon Respondent. The summons directed Respondent to appear at the IRS office in Santa Fe on November 19, 2010 to give testimony and bring documents and records, including bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period January 1, 2010 to September 30, 2010. Enclosed with the summons was a blank IRS form 433-A "Collection Information Statement for Wage Earners and Self-Employed Individuals." Respondent appeared on November 19, 2010 accompanied by a friend. Respondent had not filled out the form 433-A provided with the summons. Respondent took the rather bizarre position that LOUIS WANKEL, the person attached to Respondent's social security number, and Louis Edward, the "living man," are different "entities." The documents that Respondent brought appear to have consisted of unresponsive documents such as Respondent's Exhibit E. As a condition to cooperating, Respondent insisted that Officer Welch grant him "immunity." Officer Welch ended the interview without having obtained the information requested in the summons.

On February 16, 2011, the United States Attorney wrote Respondent, informing Respondent that the IRS was seeking US Attorney's assistance in enforcing the summons issued by Officer Welch. The letter urged Respondent to cooperate with Officer Welch by appearing at her office on February 25, 2011. At Respondent's request, Officer Welch rescheduled the interview for March 15, 2011. Respondent appeared for the second interview, but demanded "immunities and waivers of liability" as a condition of providing the summoned information. [Doc. 13-1 at 8, ¶ 17] Respondent was uncooperative and at times unintelligible. For example, he stated to Officer Welch that "I accept your bad faith commercial dishonors and denial of administrative due process for your consideration of 10,000 US dollars and five years

imprisonment for the appearance of Fraud, Title 18 USC section 1001." [Doc. 13-1 at 8, ¶ 19] In response to questioning by Officer Welch, Respondent repeatedly invoked "constitutional restrictions on Government, for being secure in papers and property from unreasonable search and seizure." [Doc. 13-1 at 9, ¶¶ 25, 27, 32] Officer Welch adjourned the interview, advising Respondent that she would seek the assistance of a court in enforcing the summons.

> As our Court of Appeals has observed:
>
> Congress has conferred upon the Secretary of the Treasury and the Commissioner of Internal Revenue the responsibility of administering and enforcing the Internal Revenue Code. . . . [T]he Secretary is "authorized and required to make the inquiries, determinations, and assessments of all taxes . . . imposed by" the Code. Section 7602 grants the IRS "expansive information-gathering authority" in order to ensure effective tax investigations. That section authorized the Secretary to examine records, to summon taxpayers, and to take testimony for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or liability at law or in equity. . . . or collecting any such liability."

*United States v. Lanoie*. 403 Fed. Appx. 328, 332 (10th Cir. 2010) (citations omitted).

To obtain judicial assistance in enforcing an administrative summons, the IRS must show "(1) that the investigation will be conducted pursuant to a legitimate purpose; (2) that the inquiry will be relevant to that purpose; (3) that the information sought is not already in the possession of the IRS; and (4) that the summons was issued in compliance with the administrative steps required by the Internal Revenue Code." *United States v. Roe*, No. 10-1419, 2011 WL 1615432 *1 (10th Cir. April 29, 2011) (quoting *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987)). Once the government has met this burden (which is "slight"), the onus of going forward shifts to the taxpayer to show enforcement of the summons would "constitute an abuse of the court's process," or that in issuing the summons the IRS lacks "institutional good faith." *Anaya*, 815 F.2d at 1377 (citations omitted).

This Court, being fully advised, finds that the United States has established the elements of a *prima facie* case through the testimony of Revenue Officer Erica Welch, and specifically finds that: (1) the investigation of Respondent is being conducted for the legitimate purpose of facilitating the collection of Respondent's outstanding tax liability; (2) the information sought by the IRS is relevant to the purpose of facilitating the collection of Respondent's outstanding tax liability; (3) the information sought by the IRS is not already in the possession of the IRS; and (4) the summons was issued in compliance with all administrative steps required by the Internal Revenue Code.  In view of this showing by the United States, Respondent assumed "the 'heavy' burden of establishing a valid defense." *Lanoie*, 403 Fed. Appx. at 332 (quoting *United States v. LaSalle Nat. Bank*, 437 U.S. 298, 316 (1978)).

The Court further finds that Respondent has failed to establish any ground for denying the United States/IRS's Petition.  First, Respondent's objections to the Court's jurisdiction to enforce an IRS summons and his arguments challenging the validity of the Internal Revenue Code or its applicability to Respondent are precisely the kind of incoherent, "tax-protestor" arguments that are routinely rejected as frivolous. *E.g. Lonsdale v. United States*, 919 F.2d 1440, 1447-48 (10th Cir. 1990); *United States v. Gerads*, 999 F.2d 1255 (8th Cir. 1993).[1] The Court unquestionably has jurisdiction pursuant to 26 U.S.C. § 7604(a) and  28 U.S.C. §§ 1340 and 1345.  Second, "a taxpayer cannot use a summons enforcement proceeding as a forum in which to contest the validity of the underlying assessments." *United States v. Heck*, No. 93-3310, 1994 WL 170766 *2 (10th Cir. 1994).  Respondent's often incomprehensible arguments that he is not

---

[1]Certain of Respondent's positions–*e.g.*, his references to multiple entities, his emphasis on the capitalization of his name, or his invocation of Admiralty jurisdiction--appear to track a belief system described by some courts as "redemptionist theory."  *McLaughlin v. Citimortage, Inc.*,  726 F. Supp 201, 209-12 (D. Conn. 2010).

liable for income taxes are therefore immaterial.  Third, in satisfying the requirements of *Powell*, the IRS has met the requirements of the Fourth Amendment.  *See Becker v. Kroll*, 494 F.3d 904, 917 (10th Cir. 2007).   Respondent has not come forward with evidence that would rebut the United States' showing of the reasonableness of  its summons.  Fourth,  Respondent's oral objection during the May 13, 2011 hearing based on the lack of an OMB number on the form 433-A is yet another example of a patently frivolous argument.  *Lonsdale*, 919 F.2d at 1444-45 (holding that "the Paperwork Reduction Act is inapplicable to 'information collection request' forms issued during an investigation against an individual to determine his or her tax liability"); *United States v. Krenselok*, No. 91-2023, 1992 WL 154032 *3 (7th Cir. 1992).  Lastly, D.N.M. LR-Civ. 7.3(a) provides that "[a] motion, response or reply must cite authority in support of the legal positions advanced."  It is not enough to refer to cases, statutes or regulations; the authorities cited must actually *support* the legal propositions for which they are offered. Respondent's reliance on recycled, frivolous arguments does not satisfy LR-Civ. 7.3(a).

Finally, Respondent complains that the Court denied him due process by not accepting or adopting his belief system as it relates th his view of the tax laws.  At the end of the hearing, the Court gave Respondent an opportunity to better explain his position and make a proffer of any evidence he believed should be made a part of the record.  Respondent's beliefs about the tax laws, as proffered, are far removed from the mainstream of juris prudence.  Due process does not require that this Court adopt and accept positions which have been repeatedly rejected by other courts and which, to a great extent, are unintelligible.

**IT IS THEREFORE HEREBY ORDERED that:**

(**1**)   Respondent's objections to the jurisdiction of the Court are **overruled**;

(**2**)   Respondent's *Motion to Dismiss* [Doc. 20] is **denied**;

**(3)** Respondent's *Motion to Exclude Evidence* [Doc. 19] is **denied**;

**(4)** Respondent's objections to the Summons as set out in his *Motion to Dismiss,* his *Answer* and his *Memorandum in Support of Answer and Counterclaim* [Doc. 11] are **overruled**;

**(5)** The United States/Internal Revenue Service's *Petition to Enforce Internal Revenue Summons* [Doc. 1] is **granted** and Respondent, Louis Edward Wankel, is directed to appear at the Office of the Internal Revenue Service, 2945 Rodeo Park Drive East, Santa Fe, New Mexico, at 10:00am, MDT on May 20, 2011, to comply with and obey the Summons served upon him by Revenue Officer Erica Welch, by providing the testimony and documents demanded by the Summons;

**(6)** Further objections by Respondent on any ground set out in his *Motion to Dismiss*, his *Answer* or his *Memorandum in Support of Answer and Counterclaim* shall constitute noncompliance with this Order;

**(7)** Respondent's production in response to the Summons of documents identical or similar to the "Annexed Documents" filed by Respondent in this proceeding [Docs. 9; 13] shall constitute noncompliance with this Order.

**So ordered this 17th day of May, 2011.**

_____
M. CHRISTINA ARMIJO
United States District Judge