**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA/ INTERNAL
REVENUE SERVICE,

    Petitioners,

vs.                                                         No. 11mc20 MCA/ACT

LOUIS E. WANKEL,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DISMISSING COUNTERCLAIM**

This is before the Court on *pro se* Respondent Louis E. Wankel's *Motion for Summary Judgment on Motion to Dismiss*, filed May 31, 2011 [Doc. 31]; on his *Motion to Hear Countercomplaint*, filed June 1, 2011 [Doc. 36]; on his *Motion to Vacate Void Judgment/Order*, filed June 15, 2011 [Doc. 40]; and on his *Notice of Distress of Official Bonds*, filed November 28, 2011 [Doc. 60]. Respondent Wankel's motions will be denied and the Notice will be stricken from the record. The Court will also dismiss Wankel's counterclaim for lack of subject-matter jurisdiction over the counterclaim.

**I.**    **Procedural Background.**

The United States filed a Petition to Enforce IRS Summons on March 30, 2011. *See* Doc. 1. In his Answer, Wankel frivolously swore that he "is not the Respondent," and that he does not know "the identity of the Taxpayer involved in this case," because he is neither a "taxpayer," nor a U.S. citizen, and that "the entity LOUIS E. WANKEL is not the living man Louis Edward Wankel." Doc. 6 at 1, 2, 7, 10-11.[1] He set forth other patently frivolous tax-protester arguments that

---

[1] The Courts have rejected this frivolous argument, which has been a popular tax-protester argument. *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (holding that tax protester's

have been rejected for many years.  *See* Doc. 6 at 1, 2, 3-7.  Wankel included a counterclaim in his Answer.  *See id.* at 17-21.  The Government filed an Answer to the counterclaim.  *See* Doc. 16.

The Court held a hearing on the petition to enforce the summons on May 13, 2011.  The Court rejected Wankel's arguments made in his Answer and pending motions; concluded that the Government had established its prima-facie case for enforcement of the summons; denied Wankel's motion to dismiss the petition; and set May 20, 2011 as the date for enforcement of the summons. *See* Doc. 26 at 1-6.  Wankel improperly filed an interlocutory notice of appeal on May 16, 2011 based on the Court's oral rulings, *see* Doc. 22.  *See Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (holding that "courts of appeals have no jurisdiction to review orders of the district court until there is a 'final decision' from the district court under 28 U.S.C. § 1291," or unless there is some other statutory or common-law principle that confers appellate subject-matter jurisdiction upon the circuit courts before a final judgment is entered); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (noting that jurisdiction under 28 U.S.C. § 1291 generally "depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotation marks omitted); *F.D.I.C. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996) ("The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.").

---

"argument[s] pertaining to typing his name in all capital letters is wholly frivolous"); *Greathouse v. United States*, No. 9:09cv36, 2009 WL 3431391, 1 (E.D.Tex. Oct. 20, 2009) (rejecting as frivolous argument that "names spelled in all capital letters represent 'fictitious entities' rather than 'natural persons'") (parentheses omitted).

On May 27, 2011 the United States filed a motion to dismiss this action with prejudice, stating that "Wankel met with the IRS Officer on May 20, 2011, as ordered and provided enough of the information to satisfy his obligation to obey the IRS summons." Doc. 29 at 1. Wankel then filed the three motions at bar. The Court dismissed the petition for enforcement, but declined to dismiss the entire case because of the pending counterclaim. *See* Doc. 52. The Tenth Circuit held Wankel's improper interlocutory appeal in abeyance until the Court resolves Wankel's pending motions and enters a final judgment. *See* Doc. 51.

**II.     Analysis**

**A.  Wankel's motion for summary judgment must be denied as moot.**

Wankel seeks summary judgment on his motion to dismiss the Government's petition for enforcement. The motion to dismiss was based on the Government's alleged failure to state a claim, the Court's alleged lack of jurisdiction to rule on the petition for enforcement, and various patently frivolous arguments. *See* Doc. 20 at 1-3. After the May 13, 2011 hearing, the Court rejected Wankel's arguments, including the additional arguments he made in support of his motion at the hearing, and denied the motion to dismiss. *See* Doc. 26 at 3-5. Wankel now contends that he is entitled to summary judgment on the denied motion because the undersigned judge allegedly violated his due-process rights by not "hearing the Motion to Dismiss over [his] objection," and by denying his "Jurisdictional Challenges" over his objections. Doc. 31 at 2. These arguments are frivolous and Wankel's motion for summary judgment will be denied as moot because this Court has already ruled on his motion to dismiss and has entered an Order granting the petition to enforce the summons.

**B.  Wankel's motion to vacate void order will be denied.**

3

Although he attempts to bring his motion to vacate the May 16 Order as void under Federal Rule of Civil Procedure 60(b)(4), because no final judgment has been entered in this case, Wankel's motion is nothing more than an "interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991). A motion for reconsideration is an "inappropriate vehicle [ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Wankel contends that the May 16 Order is void because he cannot receive due process when the judge and the attorneys for the Government "represent the Corporate United States" and "are members of the same judicial system, and Bar Association." Doc. 40 at 1. This argument is, of course, frivolous. He repeats some of his other frivolous arguments and claims of general error in the Court's rulings; he contends that this Court is not impartial because it ruled against him and disagrees with his legal viewpoints; and he complains that at the May 13 hearing, his due-process rights were violated when this Court admonished him at times to "sit down and be quiet" when he stood up, spoke out of turn, or otherwise interrupted the proceedings. *See id.* at 2-8.

> "[J]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel" do not establish bias unless they "display[ ] deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias. Thus, adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (internal citation and quotation marks omitted).

*Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006). This Court gave Wankel

ample opportunity to make all the arguments he desired to make at the hearing.

Because Wankel has given no cogent, legally supported reason why this Court should reconsider its prior rulings or vacate the May 16 Order, the motion will be denied.

**C. Wankel has failed to show facts demonstrating waiver of sovereign immunity on his counterclaim, thus it must be dismissed for lack of subject-matter jurisdiction**.

In his counterclaim, Wankle makes the conclusory allegation that he "has been denied Administrative Process and Administrative Due Process by various agents and officers of the IRS." Doc. 6 at 17, ¶ 1. The remaining paragraphs of his counterclaim, however, do not set forth any factual allegations. Instead, they consist of more frivolous legal arguments and conclusions regarding the validity of the IRS and the tax code and the authority of IRS agents. And although he mentions several statutes, none of them are applicable to any facts in this case. *See*, *e.g.*, 26 U.S.C. § 7804(b) (pertaining to personnel hired by the Commissioner of Internal Revenue).

> District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress. The United States, as sovereign, is immune from suit save as it consents to be sued. The litigant asserting jurisdiction must carry the burden of proving it by a preponderance of the evidence. It has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties.

*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (internal quotation marks, brackets, citations, and ellipses omitted). Federal-question jurisdiction must appear on the face of a complaint and "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir.1986). Wankel's counterclaim does not identify any applicable federal constitutional or statutory provisions; no federal question is

apparent on the face of the counterclaim; and he alleges no facts to show a claim arising under federal law.  To merely allege that a federal question exists is insufficient.  *See id.*

Further, by failing to make any showing that the United States has waived its sovereign immunity regarding his counterclaim, Wankel has additionally failed to establish the Court's subject-matter jurisdiction over that claim.  And insofar as Wankel may be attempting to assert a common-law  violation of his constitutional due-process rights by the IRS agents' alleged failure to follow unidentified administrative processes, "[t]he United States and its agencies are not subject to suit under *Bivens*." *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997).  Further, as to suits for alleged violation of due-process rights, "in light of the comprehensive administrative scheme created by Congress to resolve tax-related disputes, individual agents of the IRS are also not subject to *Bivens* actions." *Id.*;  *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir.1989) (concluding that "it would be inappropriate to recognize a *Bivens* remedy with respect to the [plaintiff's] claims that the defendants violated [due process] and various provisions of the Internal Revenue Code.").  The Court must dismiss Wankel's counterclaim.  *See United States v. Thomas,* No. 93-1236, 13 F.3d 407, 1993 WL 525726, *2 (10th Cir. Dec. 20, 1993) (unpublished) (affirming dismissal of counterclaims against the IRS and its agents because they "did not properly invoke the court's jurisdiction").

**D.  The Court will strike Wankel's frivolous notice of distress of official bonds.**

On November 28, 2011, Wankel filed a *Notice of Distress of Official Bonds*, purporting to distress official bonds pertaining to the undersigned judge, Magistrate Judge Alan Torgerson, United States Attorney Kenneth Gonzales, and Assistant U.S. Attorney Manuel Lucero for alleged violation of Wankel's due-process rights in relation to these proceedings.  *See* Doc. 60 at 1-2.  He attached

6

a copy of a "Registered Offer for Compromise Claim for Distress of Official Bonds" that he filed in the (State of New Mexico) Bernalillo County public records. *See* Doc. 60, Att. 2. In that document, he offers to "forgive" a claimed amount of three million dollars against the "Secretary and Delegates" in return for, *inter alia*, the Secretary's acknowledgment that Wankel has no tax liability; all funds taken from his accounts are returned to him; all liens or levies against his property are released; and all orders in this case are vacated and the case is sealed. *Id.* at 2.

The Court is not aware of any "official bonds" that pertain to any federal judge, or to the United States Attorneys. Nevertheless, the Court concludes that the Notice and "Registered Offer" are nothing more than frivolous documents designed to harass, and I will strike them from the record.

**IT IS THEREFORE HEREBY ORDERED** that Respondent/Counterclaimant Louis E. Wankel's *Motion for Summary Judgment on Motion to Dismiss* [Doc. 31]; his *Motion to Hear Countercomplaint* [Doc. 36]; and his *Motion to Vacate Void Judgment/Order* [Doc. 40] are **denied;**

**IT IS FURTHER ORDERED** that Wankel's *Notice of Distress of Official Bonds* [Doc. 60] is **stricken from the record**; and

**IT IS FURTHER ORDERED** that Wankel's Counterclaim is **dismissed** for lack of subject-matter jurisdiction.

**So ordered this 2nd day of December, 2011**.

                                             M. CHRISTINA ARMIJO
                                             UNITED STATES DISTRICT JUDGE